IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MATTHEW SHAWN McVEIGH,      )
                            )
        Plaintiff,          )
                            )
    v.                      )   CIVIL ACTION NO. 3:06-CV-374-MEF
                            )              [WO]
                            )
JAY JONES, et al.,          )
                            )
        Defendants.         )

### RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Matthew Shawn McVeigh ("McVeigh"), an inmate presently confined at the Lee County Detention Center, complains that Sgt. T. Jones has threatened his safety. *Plaintiff's Complaint* at 2.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

### DISCUSSION

On April 4, 2006, McVeigh "was in a disciplinary board hearing [at which time] Sgt. T. Jones came into the hearing [and] said when 'I see you on the street I am gonna do what I need to do, so you need to do what you gonna do.'" *Plaintiff's Complaint* at 3. McVeigh further complains that Sgt. Jones has repeatedly "tried to provoke me . . ." *Id.*

---

[1] 1. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981). The statements and actions about which the plaintiff complains, standing alone, do not violate the Constitution. *Cf. Paul v. Davis*, 424 U.S. 693 (1976). Threatening, derogatory or abusive comments made by a correctional officer to an inmate do not rise to the level of a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143 (5th Cir. 1983); *see also Johnson v. Glick*, 481 F.2d 1028 (2nd Cir. 1973). Thus, the actions about which McVeigh complains fail to demonstrate that the defendants deprived him of any protected right, privilege or immunity. Consequently, the claims presented in the instant complaint are frivolous as they lack an arguable basis in law. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] Such claims are therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before May 15, 2006 the parties may file objections to the

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 2nd day of May, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE